UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ANTHONY PEREZ,

          Petitioner,

  vs.

B. CURRY, Warden, and BOARD OF PRISON TERMS,

          Respondents.

                                 /

No. C 06-5437 PJH (PR)

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

      This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The petition was directed to a denial of parole on April 27, 2005. The court denied the petition in an order entered on December 8, 2008. Petitioner filed a timely notice of appeal.

      At the time petitioner filed his notice of appeal, petitioners whose challenges to a parole denial had been rejected did not have to obtain a certificate of appealability ("COA") in order to appeal. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005). *Rosas* was overruled as to this point in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), so a COA is now necessary. *See id.* at 552-55. The court of appeals has remanded the case for the court to determine whether a COA should issue.

      A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

1    Petitioner's claims were that: (1) The Board's denial of parole violated his due
2 process rights because it was the seventh denial based on the circumstances of the
3 offense and because the denial was not supported by "some evidence" that he would be a
4 danger to society if released; and (2) the denial violated his plea agreement.

5    A COA will be issued as to the "some evidence" portion of claim one because the
6 facts upon which the denial was based were nearly twenty years old, and reasonable jurists
7 might find it debatable whether such old facts constituted "some evidence" of present
8 dangerousness. A COA is denied as to the plea bargain issue and the "*Biggs* claim" issue
9 for the reasons set out in the order denying the petition.

10   The certificate of appealability is **GRANTED** as described above. The clerk shall
11 transmit the record and a copy of this order to the Court of Appeals.

12   **IT IS SO ORDERED.**
13 Dated: July 12, 2010.
                                          _____
14                                        PHYLLIS J. HAMILTON
                                          United States District Judge

28 P:\PRO-SE\PJH\HC.06\PEREZ437.COA.wpd

2